TJOFLAT, Circuit Judge,
specially concurring:
In the proceedings below, the district court gave Edwards “automatic standing” to contest the search of the Cadillac. United States v. Edwards, 554 F.2d 1331, 1333-34 n.2 (5th Cir., 1977). Consequently, Edwards offered no evidence at the suppression hearing to support the notion that he had an interest in the Cadillac sufficient to give him standing to question the officer’s intrusion. All that was revealed was the naked fact that Edwards was sitting in the car waiting for his brother. The record of the suppression hearing contains not the slightest hint as to the identity of the Cadillac’s owner or Edward’s authority to be in the car.
I would not indulge in appellate fact finding, as the majority has done, to conclude that Edwards had standing to question the search. Rather, I would face the “automatic standing” concept head on, as Chief Judge Brown suggests in his concurring opinion, giving it the coup de grace in the process. Finally, I would affirm the district court, instead of remanding the case to determine whether Edwards has actual standing, because the record clearly demonstrates that the search of the Cadillac was supported by probable cause.
ALVIN B. RUBIN, Circuit Judge, with whom RONEY, Circuit Judge, joins, concurring in part and dissenting in part.
I concur in the majority opinion with the exception of Part II C (Inventory Search), from which I respectfully dissent.
*897 In my opinion, the search went far beyond anything reasonably necessary to accomplish any of the permissible purposes of making an inventory of the contents of the automobile as those are set forth in South Dakota v. Opperman, 1976, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000; see also United States v. Gravitt, 5 Cir. 1973, 484 F.2d 375, 380-381, cert. denied, 1974, 414 U.S. 1135, 94 S.Ct. 879, 38 L.Ed.2d 761. The officers were no longer making an effort simply to list the unsecured contents of the vehicle but, in the half hour spent searching the automobile, were seeking evidence in places where it could have been concealed. See United States v. Hellman, 9 Cir. 1977, 556 F.2d 442.
Nevertheless, I concur in the result because the search under the carpet was based on probable cause when it was made. What began as a proper inventory search led to discovery of several identification cards. (It was reasonable, I think, for the security officer to read the cards and, in this respect, I differ with the panel opinion. Even for the barest inventory search, some description beyond the size of the paper was desirable: this could be obtained only by an examination of the cards. Looking at what was patent was not like the scrutiny of the contents of a book or a diary, which could be described and listed without reading their contents.) The cards showed photographs of a person who had been seen conversing with the defendant but who had denied knowing him, and who was apparently using different names. These circumstances, in the light of the reports received and the defendant’s conduct, furnished reasonable cause to search further. Chambers v. Maroney, 1970, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; United States v. Freund, 5 Cir. 1976, 525 F.2d 873, 875. See also Texas v. White, 1975, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209. Nor was it necessary under the circumstances to obtain a warrant. See United States v. Chadwick, 1977, 433 U.S. 1, 12, 97 S.Ct. 2476, 2484, 53 L.Ed.2d 538; Texas v. White, supra; Cady v. Dombrow-ski, 1973, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706.
GOLDBERG, Circuit Judge, with whom GODBOLD and SIMPSON, Circuit Judges, join, concurring in part but dissenting in the result.
I wholeheartedly concur in the conclusion of Part II B of the majority opinion that appellant has standing to contest the validity of the automobile search. I remain unconvinced, however, that the officers had probable cause to conduct the search in question or that the officers stayed within the constitutionally permissible bounds of an inventory search. Adhering to my views on these issues as expressed in the panel opinion, reported at 554 F.2d 1331 (5th Cir. 1977), I respectfully dissent from the result in this case and would reverse the judgment of the district court.